# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**WILLIS LOUVIERE**                          **CIVIL ACTION NO. 6:06-CV-1374 LO**

**VERSUS**                                   **JUDGE MELANCON**

**ACADIA PARISH SHERIFF'S**                  **MAG. JUDGE HILL**
**DEPARTMENT, ET AL**

## PLAINTIFF'S SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Willis Louviere, a resident of the full age of majority of the Parish of Acadia, State of Louisiana, who desires to supplement and amend his original complaint and first supplemental and amended complaint, as follows:

1.

Plaintiff desires to supplement and amend COUNT I of his original complaint, to read as follows:

### "COUNT I

1.

This action arises under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, 42 U.S. Code § 1983, et seq. and the laws of the State of Louisiana, as herein more fully appear. Jurisdiction is based on a Federal question under 28 U.S. Code § 1331, and the provisions of 28 U.S. Code § 1343. There is an amount in controversy herein exceeding the sum of $75,000.00 exclusive of interest and costs.

**2.**

The defendants, Sheriff Wayne Melancon, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, were fully deputized officers of the Acadia Parish Sheriff's Office, are sued individually and in their capacities as officials of the Parish of Acadia, State of Louisiana, who are responsible for the administration of the laws of the Parish of Acadia, State of Louisiana, and the United States.   All defendants are of the full age of majority and residents of the State of Louisiana and at all times relevant hereto were acting under color of law, custom and usage of the State of Louisiana.

**3.**

The defendant, Sheriff Wayne Melancon, is a duly appointed Sheriff for the Parish of Acadia and as such is responsible for the actions taken by his officers in their capacities as officers and in his own actions performed as Sheriff.  The Sheriff is charged with the duty of seeing that his department operates within the bounds of the law and is charged with supervising the personnel of his department and setting for the rules and guidelines consistent with the Constitution of the United States and setting the customs and policy of his office.

**4.**

The defendants, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, were duly deputized

officers of the Acadia Parish Sheriff's Office are sued for depriving the complainant of his constitutional, federal and state rights.

**5.**

The above named defendants, Sheriff Wayne Melancon, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Deputy Chris Pousson, Deputy Russell Tab Faulk, Deputy Conrad Perry, and Detective Dennis Fruge, are indebted unto the complainant, Willis Louviere, jointly and in solido in the full sum of FIVE HUNDRED THOUSAND AND OO/100 ($500,000.00) DOLLARS together with legal interest from date of judicial demand, attorney's fees, all costs of this suit, penalties and punitive damages, and for a trial by jury for the reasons to be hereinafter shown.

**6.**

As a result of a confrontation between the plaintiff, Willis Louviere, and Detective Dennis Fruge, an off duty deputy, on August 13, 2005, a phone call was made by Detective Fruge to Sergeant Chester Simon, a duly deputized member of the Acadia Parish Sheriffs' office, to inform Sergeant Simon of the confrontation. Sergeant Simon immediately went and met Detective Fruge in a rice field and proceeded with Detective Fruge, an off duty deputy, in Sergeant Simon's Sheriff's unit along with another deputy, Deputy Yolonda Citizen, in her unit to Louviere's house. They got out, knocked on the door, checked the license number on his red pickup truck, searched his barn, but could find him. Sergeant Simon returned Detective Fruge to the rice field. At that point, Sergeant Simon asked the Iota Police Department and also the Eunice Police Department to assist in looking for Louviere and asked Chief Pousson of the Iota Police Department

to hold Louviere if he saw him in town. At that point, Deputy Simon decided to go back to Louviere's house and asked Chief Scott Pousson of the Iota Police Department to follow him for backup. The officers arrived before the plaintiff got home. Willis Louviere, came to his home after his wife advised him that two deputies were in his driveway. As he got out of his truck complainant told Chief Pousson he could stay, but told Sergeant Simon to get off of his property.

### 7.

While at his house, complainant was never told he was under arrest, but was shot with a tazer in the stomach which caused two barbs to enter his body.  Complainant pulled one barb out and then sat down on the porch and pulled the other barb out. Sergeant Chester Simon used excessive force in shooting plaintiff with a taser when no such force was justified and when plaintiff was unarmed.  Petitioner contends that Sergeant Simon acted with excessive force in tasering plaintiff while he was at the plaintiff's house not only because it was not justified, but because use of a taser can cause great bodily injury and possibly death. Chief Pousson talked to him and told him they were going to take a ride to Crowley.  Louviere was allowed to ride in the front seat of Chief Pousson's patrol car without handcuffs. Once in the car, Chief Pousson told him he was going to the hospital.  Complainant was never told that he was under arrest.

### 8.

At 4:00 p.m., Sergeant Simon called into 911 cursing saying he was very agitated. Once Louviere got to the hospital, he was examined at American Legion Hospital in Crowley.  Chief Pousson then took complainant to jail again riding in the front seat of Chief Pousson's patrol car. Once he got to the jail, he was brought to the Annex right

outside the courthouse which is part of the Sheriff's complex and at that point he stated that he had to go the bathroom. After Louviere finished, Chief Pousson retrieved his handcuffs and plaintiff was again handcuffed in the front with another officer's handcuffs. Chief Pousson then left the premises to go back to Iota.

**9.**

Your petitioner would further show that once Willis Louviere got to the police station he saw several deputies sitting in the room where they were taking him. He asked to go to the bathroom. As he went to the bathroom, he heard someone say "We're going to do this fast and do this quick." While in the restroom Deputy Domingue told him not to say anything because if he did he would be very sorry. Deputy Domingue said, "Whatever they say, don't say anything." Deputy Domingue stated that it was a very charged atmosphere with deputies and Louviere talking back and forth. Plaintiff was taken to the big room on the west end of the Annex. There were six officers in the room. While handcuffed and sitting in a chair, Sergeant Simon, Deputy Darren Redlich, Deputy Chris Pousson, Deputy Conrad Perry and Sergeant Russell Tab Faulk began to berate him, stating he went to see Detective Dennis Fruge to start trouble. Plaintiff denied that statement. At that point, an unknown deputy hit him in his face and the side of his neck. He heard someone say "You have to act like a stupid A--hole." Louviere said to stop calling him that name. A deputy grabbed his neck and another twisted his neck pushing his chair over. Louviere heard his neck pop. His head hit the floor and someone in the room slammed his head on the floor repeatedly. He believes that officer was Sergeant Russell "Tabby" Faulk. Deputies continued to call him a stupid bitch and someone said, "You need a bullet in your head, you f---ing bitch." Simone said "I would like nothing

more than to put a bullet in your head." At that point, deputies picked plaintiff up and put him back in the chair. He remembers one deputy who remains unknown saying that he needed to be kept in jail for at least seventy-two (72) hours. At no time, did Louviere instigate or resist the beating. He did nothing to precipitate the beating.

### 10.

While Louviere was on the floor, Detective Gibson tried to call the Annex to get the arresting information about Louviere. No one answered the phone. Detective Gibson had to walk from his office to the Annex approximately 40 yards and as he went in the Annex he saw Louviere on the floor with Sergeant Faulk having his hands on Louviere's shoulders. While he was in the Annex a period of approximately 30 seconds, no one moved, spoke to him or made a sound while he was in the building.

### 11.

Plaintiff was then taken to a lockdown cell after he was beaten. Other than being given two Tylenol on one occasion and three Tylenol on another he received no treatment. Despite being beaten on the face, neck and back, and being swollen he saw no doctor or nurse. Complainant told everyone he had been beaten, but never saw the medic. Complainant asked to go to the hospital and was told he had already been to the hospital. Plaintiff contends that the knowledge and actions/inactions of the defendants, Assistant Warden and Medic Conde and Warden Henry, deprived him of proper medical care, failure to make a phone call, inhumane cell conditions and violations of his 4th and 14th Amendment Rights. Plaintiff was placed in a cell by himself and was not allowed contact with anyone. Plaintiff asked for a phone call and was told that a prisoner in lockdown could not make a call. Plaintiff stayed in lockdown until Monday, August 15,

2005 when he went to Court.  Once returning to jail, he was back in lockdown. At that point, Detective Gibson and Chief Latiola came to his cell and asked his intentions. He stated he apologized to Detective Fruge. When they left, Detective Fruge came into the Medic's office with Assistant Warden/Medic Conde. Again, he told Detective Fruge he apologized. Detective Fruge told him that he did have a gun in his truck during the time they met on August 12, 2005. After the meeting with Detective Fruge and Assistant Warden/Medic Conde, Louviere was released from lockdown, given a phone call and given medication. At the same time, Louviere told Conde personally that he was beaten and had a recent head injury.  Conde said he didn't know about any beating and did nothing.  He remained in jail with a $50,000.00 bond until Wednesday, August 17, 2005. Plaintiff could not bond out until he went through AFIS for fingerprints and pictures on the morning of August 17, 2005. Plaintiff was not charged with any alleged altercation while in jail during booking. There was no probable cause to bring public intimidation charges against Louviere for any action against Detective Fruge or Sergeant Simon. He was given a bond on felony charges which were prosecuted by the Acadia Parish District Attorney because of existing law in the Third Circuit Court of Appeals. The jail log indicates that Louviere never gave problems while in jail.

**12.**

Your petitioner contends that on information and belief it is a practice of the Sheriff Wayne Melancon to allow such conduct by his deputies in their jail after an individual is in the physical custody of the Sheriff in the booking location and in the jail. Plaintiff was concerned when he went to the jail that he would be beaten because of stories he had heard previously.  Your petitioner did nothing to warrant any beating or

caused no altercation while he was in the custody of the Acadia Parish Sheriff's Office when he was in the booking area. Further, Sheriff Melancon is liable in respondiat superior for actions/inactions of his deputies, warden and medic acting in the course of their employment. At all times material hereto, the defendants were acting under the color of law.

### 13.

Deputy Darren Redlich signed a document indicating that he was a witness to an altercation caused by Willis Louviere while he was in the jail. Your petitioner contends that any and all deputies who were present were actively involved in a conspiracy to beat him while he was handcuffed and in custody and in fact carried that out. Further, Deputy Redlich is liable because he took no action to stop the beating; assist the plaintiff or properly report the beating. Because Deputy Redlich has indicated he was present at the time, he is guilty of using excessive force or conspiracy to use excessive force on a pre-trial detainee.

### 14.

Your petitioner contends that there was a conspiracy between all of the deputies sued in this case in order to beat Louviere, to keep him in jail on felony charges which there was no probable cause, to keep him in isolation without his medication, and refuse him of telephone calls all in violation of this Fourth, Fifth and Fourteenth Amendment rights as a pretrial detainee.

### 15.

Simone was greatly agitated when he called 911 at approximately 4:00 p.m. on August 13, 2005 cursing and saying he was aggravated. He also called for Judge Earles

number to set a bond and then told his wife he had been speaking to a Judge and for the reason he could not speak to her.

## 16.

Your complainant contends that the deputies in this case were acting under color of law and that a policy that was well established by the Acadia Parish Sheriff's Office of abusing prisoners once they were within the confines of the Acadia Parish Jail system. Complainant contends that this was a practice that was known by the Sheriff, the Warden, the Assistant Warden and Medic, and every deputy of the Acadia Parish Sheriff's Office.

## 17.

Once the complainant was in jail he was taken to a cell where he was given food and water, but was not treated for his injuries during the period of time he was in jail until he made bond approximately four or five days later.

## 18.

Your complainant would show that the rough treatment and beating was a result of a conspiracy to beat Louviere by the defendants, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, and Deputy Chris Pousson, for allegedly threatening defendants, Detective Fruge and Sergeant Simon. As a result of the beating, your complainant suffered serious and severe injuries to his head, neck, back and body as a whole. In addition, your complainant has suffered mental, physical and emotional injuries, wrongful detention, and other injuries for which he has not recovered. In addition, all of the defendants conspired to keep the complainant in jail denying his constitutional right to counsel, failed to give him medication or treat his injuries, put him in a hot box, failed to finger print or photograph him to keep him from

being bonded out, all to punish the complainant for allegedly threatening Detective Fruge and Sergeant Simon. Your complainant alleges that the Fourth and Fourteenth Amendments to the Constitution of the United States were violated along with 42 U.S. Code 1983 et seq. because the actions and/or inactions of Sheriff Wayne Melancon, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, caused or contributed to the method in which the complainant suffered injury.

### 19.

Complainant is entitled to statutory attorney's fees, penalties, interest and costs."

### 2.

Plaintiff desires to supplement and amend COUNT II of his original complaint and first supplemental and amended complaint, to read as follows:

### "COUNT II.

### 1.

This action arises under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, 42 U.S. Code § 1983, et seq. and the laws of the State of Louisiana, as herein more fully appear.  Jurisdiction is based on a Federal question under 28 U.S. Code § 1331, and the provisions of 28 U.S. Code § 1343, alleging diversity of citizenship and an amount in controversy herein exceeding the sum of $75,000.00 exclusive of interest and costs.

**2.**

Complainant also has a claim under Louisiana law for which there is pendent jurisdiction.

**3.**

The defendants, Sheriff Wayne Melancon, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, were fully deputized officers of the Acadia Parish Sheriff's Office, are sued individually and in their capacities as officials of the Parish of Acadia, State of Louisiana, who are responsible for the administration of the laws of the Parish of Acadia, State of Louisiana, and the United States.  All defendants are of the full age of majority and residents of the State of Louisiana and at all times relevant hereto were acting under color of law, custom and usage of the State of Louisiana.

**4.**

The defendant, Sheriff Wayne Melancon, is a duly appointed Sheriff for the Parish of Acadia and as such is responsible for the actions taken by his officers in their capacities as officers and in his own actions performed as Sheriff.  The Sheriff is charged with the duty of seeing that his department operates within the bounds of the law and is charged with supervising the personnel of his department and setting for the rules and guidelines consistent with the Constitution of the United States and setting the customs and policy of his office.

**5.**

The defendants, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, were duly deputized officers of the Acadia Parish Sheriff's Office are sued for depriving the complainant of his constitutional, federal and state rights.

**6.**

The above named defendants, Sheriff Wayne Melancon, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Deputy Chris Pousson, Deputy Russell Tab Faulk, Deputy Conrad Perry, and Detective Dennis Fruge, are indebted unto the complainant, Willis Louviere, jointly and in solido in the full sum of FIVE HUNDRED THOUSAND AND OO/100 ($500,000.00) DOLLARS together with legal interest from date of judicial demand, attorney's fees, all costs of this suit, penalties and punitive damages, and for a trial by jury for the reasons to be hereinafter shown.

**7.**

As a result of a confrontation between the plaintiff, Willis Louviere, and Detective Dennis Fruge, an off duty deputy, on August 13, 2005, a phone call was made by Detective Fruge to Sergeant Chester Simon, a duly deputized member of the Acadia Parish Sheriffs' office, to inform Sergeant Simon of the confrontation. Sergeant Simon immediately went and met Detective Fruge in a rice field and proceeded with Detective Fruge, an off duty deputy, in Sergeant Simon's Sheriff's unit along with another deputy, Deputy Yolonda Citizen, in her unit to Louviere's house. They got out, knocked on the

door, checked the license number on his red pickup truck, searched his barn, but could find him. Sergeant Simon returned Detective Fruge to the rice field. At that point, Sergeant Simon asked the Iota Police Department and also the Eunice Police Department to assist in looking for Louviere and asked Chief Pousson of the Iota Police Department to hold Louviere if he saw him in town. At that point, Deputy Simon decided to go back to Louviere's house and asked Chief Scott Pousson of the Iota Police Department to follow him for backup. The officers arrived before the plaintiff got home. Willis Louviere, came to his home after his wife advised him that two deputies were in his driveway. As he got out of his car complainant told Chief Pousson he could stay, but told Sergeant Simon to get off of his property.

## 8.

While at his house, complainant was never told he was under arrest, but was shot with a tazer in the stomach which caused two barbs to enter his body. Complainant pulled one barb out and then sat down on the porch and pulled the other barb out. Sergeant Chester Simon used excessive force in shooting plaintiff with a taser when no such force was justified and when plaintiff was unarmed. Petitioner contends that Sergeant Simon acted with excessive force in tasering plaintiff while he was at the plaintiff's house not only because it was not justified, but because use of a taser can cause great bodily injury and possibly death. Chief Pousson talked to him and told him they were going to take a ride to Crowley. Louviere was allowed to ride in the front seat of Chief Pousson's patrol car without handcuffs. Once in the car, Chief Pousson told him he was going to the hospital. Complainant was never told that he was under arrest.

**9.**

At 4:00 p.m., Sergeant Simon called into 911 cursing saying he was very agitated. Once Louviere got to the hospital, he was examined at American Legion Hospital in Crowley.  Chief Pousson then took complainant to jail again riding in the front seat of Chief Pousson's patrol car. Once he got to the jail, he was brought to the Annex right outside the courthouse which is part of the Sheriff's complex and at that point he stated that he had to go the bathroom. At that point, Chief Pousson retrieved his handcuffs and plaintiff was again handcuffed in the front with another officer's handcuffs. Chief Pousson then left the premises to go back to Iota.

**10.**

Your petitioner would further show that once Willis Louviere got to the police station he saw several deputies sitting in the room where they were taking him.  He asked to go to the bathroom.  As he went to the bathroom, he heard someone say "We're going to do this fast and do this quick."  While in the restroom Deputy Domingue told him not to say anything because if he did he would be very sorry.  Deputy Domingue said, "Whatever they say, don't say anything."  Deputy Domingue stated that it was a very charged atmosphere with deputies and Louviere talking back and forth. Plaintiff was taken to the big room on the west end of the Annex. There were six officers in the room. While handcuffed and sitting in a chair, Sergeant Simon, Deputy Darren Redlich, Deputy Chris Pousson, Deputy Conrad Perry and Sergeant Russell Tab Faulk began to berate him, stating he went to see Detective Dennis Fruge to start trouble.  Plaintiff denied that statement.  At that point, an unknown deputy hit him in his face and the side of his neck. He heard someone say "You have to act like a stupid A--hole."  Louviere said to stop

calling him that name.  A deputy grabbed his neck and another twisted his neck pushing his chair over.  Louviere heard his neck pop. His head hit the floor and someone in the room slammed his head on the floor repeatedly.  He believes that officer was Sergeant Russell "Tabby" Faulk. Deputies continued to call him a stupid bitch and someone said, "You need a bullet in your head, you f---ing bitch."  Simone said "I would like nothing more than to put a bullet in your head."  At that point, deputies picked plaintiff up and put him back in the chair.  He remembers one deputy who remains unknown saying that he needed to be kept in jail for at least seventy-two (72) hours.  At no time, did Louviere instigate or resist the beating.  He did nothing to precipitate the beating.

## 11.

While Louviere was on the floor, Detective Gibson tried to call the Annex to get the arresting information about Louviere. No one answered the phone. Detective Gibson had to walk from his office to the Annex approximately 40 yards and as he went in the Annex he saw Louviere on the floor with Sergeant Faulk having his hands on Louviere's shoulders. While he was in the Annex a period of approximately 30 seconds, no one moved, spoke to him or made a sound while he was in the building.

## 12.

Plaintiff was then taken to a lockdown cell after he was beaten.  Other than being given two Tylenol on one occasion and three Tylenol on another he received no treatment.  Despite being beaten on the face, neck and back, and being swollen he saw no doctor or nurse.  Complainant told everyone he had been beaten, but never saw the medic.  Complainant asked to go to the hospital and was told he had already been to the hospital.  Plaintiff contends that the knowledge and actions/inactions of the defendants,

Assistant Warden and Medic Conde and Warden Henry, deprived him of proper medical care, failure to make a phone call, inhumane cell conditions and violations of his 4th and 14th Amendment Rights.  Plaintiff was placed in a cell by himself and was not allowed contact with anyone.  Plaintiff asked for a phone call and was told that a prisoner in lockdown could not make a call.  Plaintiff stayed in lockdown until Monday, August 15, 2005 when he went to Court.  Once returning to jail, he was back in lockdown. At that point, Detective Gibson and Chief Latiola came to his cell and asked his intentions. He stated he apologized to Detective Fruge. When they left, Detective Fruge came into the Medic's office with Assistant Warden/Medic Conde. Again, he told Detective Fruge he apologized. Detective Fruge told him that he did have a gun in his truck during the time they met on August 12, 2005. After the meeting with Detective Fruge and Assistant Warden/Medic Conde, Louviere was released from lockdown, given a phone call and given medication. At the same time, Louviere told Conde personally that he was beaten and had a recent head injury.  Conde said he didn't know about any beating and did nothing.  He remained in jail with a $50,000.00 bond until Wednesday, August 17, 2005. Plaintiff could not bond out until he went through AFIS for fingerprints and pictures on the morning of August 17, 2005. Plaintiff was not charged with any alleged altercation while in jail during booking. There was no probable cause to bring public intimidation charges against Louviere for any action against Detective Fruge or Sergeant Simon. He was given a bond on felony charges which were prosecuted by the Acadia Parish District Attorney because of existing law in the Third Circuit Court of Appeals. The jail log indicates that Louviere never gave problems while in jail.

**13.**

Your petitioner contends that on information and belief it is a practice of the Sheriff Wayne Melancon to allow such conduct by his deputies in their jail after an individual is in the physical custody of the Sheriff in the booking location and in the jail. Plaintiff was concerned when he went to the jail that he would be beaten because of stories he had heard previously. Your petitioner did nothing to warrant any beating or caused no altercation while he was in the custody of the Acadia Parish Sheriff's Office when he was in the booking area. Further, Sheriff Melancon is liable in respondiat superior for actions/inactions of his deputies, warden and medic acting in the course of their employment. At all times material hereto, the defendants were acting under the color of law.

**14.**

Deputy Darren Redlich signed a document indicating that he was a witness to an altercation caused by Willis Louviere while he was in the jail. Your petitioner contends that any and all deputies who were present were actively involved in a conspiracy to beat him while he was handcuffed and in custody and in fact carried that out. Further, Deputy Redlich is liable because he took no action to stop the beating; assist the plaintiff or properly report the beating. Because Deputy Redlich has indicated he was present at the time, he is guilty of using excessive force or conspiracy to use excessive force on a pre-trial detainee.

**15.**

Your petitioner contends that there was a conspiracy between all of the deputies sued in this case in order to beat Louviere, to keep him in jail at a bond on felony charges

which there was no probable cause, to keep him in isolation without his medication, and refuse him of telephone calls all in violation of this Fourth, Fifth and Fourteenth Amendment rights as a pretrial detainee.

**16.**

Simone was greatly agitated when he called 911 at approximately 4:00 p.m. on August 13, 2005 cursing and saying he was aggravated. He also called for Judge Earles number to set a bond and then told his wife he had been speaking to a Judge and for the reason he could not speak to her.

**17.**

Your complainant contends that the deputies in this case were acting under color of law and that a policy that was well established by the Acadia Parish Sheriff's Office of abusing prisoners once they were within the confines of the Acadia Parish Jail system. Complainant contends that this was a practice that was known by the Sheriff, the Warden, the Assistant Warden and Medic, and every deputy of the Acadia Parish Sheriff's Office.

**18.**

Once the complainant was in jail he was taken to a cell where he was given food and water, but was not treated for his injuries during the period of time he was in jail until he made bond approximately four or five days later.

**19.**

Your complainant would show that the rough treatment and beating was a result of a conspiracy to beat Louviere by the defendants, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, and Deputy Chris Pousson, for allegedly threatening defendants, Detective Fruge and Sergeant Simon. As a

result of the beating, your complainant suffered serious and severe injuries to his head, neck, back and body as a whole. In addition, your complainant has suffered mental, physical and emotional injuries, wrongful detention, and other injuries for which he has not recovered. In addition, all of the defendants conspired to keep the complainant in jail denying his constitutional right to counsel, failed to give him medication or treat his injuries, put him in a hot box, failed to finger pint or photograph him to keep him from being bonded out, all to punish the complainant for allegedly threatening Detective Fruge and Sergeant Simon. Your complainant alleges that the laws of Louisiana apply, La. Civil Code Articles 2315, 2316, 2317, 2320, and 2322 because the actions and/or inactions of Sheriff Wayne Melancon, Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, caused or contributed to the method in which the complainant suffered injury.

### 20.

Complainant is entitled to statutory attorney's fees, penalties, interest and costs."

### 3.

Your petitioner reasserts and realleges each and every paragraph of his original complaint, COUNT I Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and COUNT II Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14; and first supplemental and amended complaint Paragraphs 7.A, 9.A, 9.B, 9.C, 9.D, with like force and effect as they were pled in the original Complaint.

**WHEREFORE,** petitioner, Willis Louviere, avers each and every one of his previous allegations set forth in his original complaint and first supplemental and amended complaint, prays for service and citation of his original complaint, first supplemental and amended complaint and second supplemental and amended complaint upon the defendants and on COUNT I there be judgment herein in favor of Willis Louviere against the defendants, Sheriff Wayne Melancon, his agents, employees and assigns, and Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, in the sum of $500,000.00 plus interest and costs, attorney's fees, penalties and punitive damages, and for a trial by jury; and on COUNT II there be judgment in favor of Willis Louviere against the defendants, Sheriff Wayne Melancon, his agents, employees and assigns, and Warden Eby Henry, Assistant Warden and Medic Vince Conde, Sergeant Chester Simon, Deputy Darren Redlich, Sergeant Russell Tab Faulk, Deputy Conrad Perry, Deputy Chris Pousson, and Detective Dennis Fruge, in the sum of $500,000.00 plus interest and costs, attorney's fees, penalties and punitive damages, and for a trial by jury.

Respectfully submitted:

S/ John F. McKay
John F. McKay (#9361)
**McKAY LAW FIRM**
7465 Exchange Place
Baton Rouge, Louisiana 70806
Telephone: (225) 924-3641
Facsimile: (225) 924-3644
**Attorney for Plaintiff, Willis Louviere**

**PLEASE SERVE DEFENDANTS:**

**Sergeant Russell Tab Faulk**
**Acadia Parish Sheriff's Department**
**Court Circle**
**Crowley, LA 70526**

**Deputy Conrad Perry**
**Acadia Parish Sheriff's Department**
**Court Circle**
**Crowley, LA 70526**

**Deputy Chris Pousson**
**Acadia Parish Sheriff's Department**
**Court Circle**
**Crowley, LA 70526**

**Detective Dennis Fruge**
**Acadia Parish Sheriff's Department**
**Court Circle**
**Crowley, LA 70526**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**WILLIS LOUVIERE**                                  **CIVIL ACTION NO. 6:06-CV-1374 LO**

**VERSUS**                                                         **JUDGE MELANCON**

**ACADIA PARISH SHERIFF'S**                     **MAG. JUDGE HILL**
**DEPARTMENT, ET AL**


**<u>VERIFICATION</u>**


**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

      **BEFORE ME,** the undersigned notary public, duly commissioned and qualified

in and for the above parish and state, therein residing, personally came and appeared:

WILLIS LOUVIERE, who, being duly sworn, did depose and say that he is the plaintiff

in the above and foregoing Second Supplemental And Amended Complaint and that he

has read all of the allegations therein and that they are true and correct to the best of his

knowledge, information and belief.

**WILLIS LOUVIERE**


      **SWORN TO AND SUBSCRIBED** before me in Baton Rouge, Louisiana, this

29 day of March, 2007.

**NOTARY PUBLIC**

## CERTIFICATE

I hereby certify that on March 29, 2007, a copy of the foregoing Second Supplemental and Amended Complaint was filed electronically with the Clerk of Court using the CM/EFC system. Notice of this filing will be sent to Homer Ed Barousse, Jr. by operation of the court's electronic filing system and mailed by United States Postal Service.

S/ John F. McKay
John F. McKay (#9361)
**McKAY LAW FIRM**
7465 Exchange Place
Baton Rouge, Louisiana 70806
Telephone:  (225) 924-3641
Facsimile:  (225) 924-3644
**Attorney for Plaintiff, Willis Louviere**